Gibson v U'SAgain Holdings, LLC (2018 NY Slip Op 09012)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Gibson v U'SAgain Holdings, LLC

2018 NY Slip Op 09012

Decided on December 27, 2018

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2018
Acosta, P.J., Gische, Mazzarelli, Webber, Oing, JJ.


7973N 20849/16E

[*1] Neville Gibson, Plaintiff-Appellant,
vU'SAgain Holdings, LLC, et al., Defendants-Respondents.

Guerrero & Rosengarten, New York (Susan R. Nudelman of counsel), for appellant.
Law Offices of Tobias & Kuhn, New York (Carol M. Wickham of counsel), for respondents.

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered October 18, 2017, which, in this action for personal injuries, granted defendants' motion to change venue from Bronx County to Westchester County, unanimously affirmed, without costs.
The court providently exercised its discretion in granting defendants' motion to change venue to Westchester County. The motor vehicle accident occurred in Westchester, which is where plaintiff resided on the day of the accident and when the action was commenced. The affidavit of the Chief Financial Officer of defendant U'SAgain Holdings, LLC sufficiently satisfied defendants' burden of showing that plaintiff had improperly designated venue due to the fact that they did not maintain a principal office in Bronx County. He averred that he had reviewed the records maintained by U'SAgain Holdings, LLC, which is the parent company of U'SAgain LLC, and that U'SAgain (2000) LLC had merged into U'SAgain LLC before the accident. Defendants also submitted an affidavit of a claims examiner of Penske Truck Leasing Corporation (Penske), who reviewed the relevant records, and set forth that Penske did not have a principal office in the Bronx (see Perez v Worby, Borowick, Groner, 290 AD2d 233 [1st Dept 2002]). The copies of the electronic records from the Secretary of State's official government website were admissible despite being uncertified, and the motion court properly considered them (see Matter of LaSonde v Seabrook, 89 AD3d 132, 137 n 8 [1st Dept 2011], lv denied 18 NY3d 911 [2012]; Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13, 19-21 [2d Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 27, 2018
CLERK